IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESYA VON HEEDER, | § § | |
| **PLAINTIFF**, | § | CIVIL ACTION NO.  4:25-cv-3272 |
| V. | § § | (JURY TRIAL DEMANDED) |
| PEMEX (Petroleos Mexicanos); Deer Park Refining Limited Partnership, | § § § | |
| **DEFENDANTS**. | | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Lesya Von Heeder ("Plaintiff" or "Mrs. Von Heeder"), by and through her undersigned counsel, and files this Original Complaint against Defendants PEMEX (Petroleos Mexicanos) ("PEMEX") and Deer Park Refining Limited Partnership ("DPRLP") (collectively, "Defendants") for violations of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e et seq.), the Texas Commission on Human Rights Act (TCHRA) (Tex. Lab. Code § 21.001 et seq.), the Family and Medical Leave Act of 1993 (FMLA) (29 U.S.C. § 2601 et seq.), the Pregnancy Discrimination Act of 1978 (42 U.S.C. § 2000e(k)), and the Pregnant Workers Fairness Act of 2022 (42 U.S.C. § 2000gg et seq.), and for causes of action would respectfully show as follows:

## I. PARTIES

1. Plaintiff Lesya Von Heeder is an individual who resides in Harris County, Texas. At all relevant times, she was employed by Defendants PEMEX and DPRLP at their refinery facility in Deer Park, Texas.

2. Defendants employ approximately 1,000 employees at the Deer Park Refinery.

3. Defendant PEMEX is a foreign corporation doing business in Texas at the Deer Park Refinery located at 5900 Hwy 225, Deer Park, Texas 77536.

4. Defendant DPRLP is a foreign limited partnership located at 5900 Hwy 225, Deer Park, Texas 77536, and may be served through its registered agent P.M.I. Services North America, Inc., located at 777 North Eldridge Parkway, Suite 800, Houston, TX 77079.

5. Defendant PEMEX may be served with process through its U.S. affiliate and subsidiary, DPRLP, or by international treaty provisions as appropriate.

## II. JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, as this action arises under federal laws prohibiting employment discrimination, retaliation, failure to accommodate, and interference with medical leave.

7. This Court also has jurisdiction pursuant to 28 U.S.C. § 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights.

8. This Court has supplemental jurisdiction over Plaintiff's claims arising under Texas state law pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district under 28 U.S.C. § 1391(b), as the unlawful employment practices alleged herein occurred in the Southern District of Texas.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division (TWCCRD). She received a Notice of Right to Sue and has filed this action within the required time period.

## IV. FACTUAL BACKGROUND

11. Plaintiff is a highly qualified employee of Ukrainian national origin and a female United States Naturalized Citizen.

12. Plaintiff began working for Defendants as a contractor in or around July 2018 and transitioned to a full-time employee as a Cost Engineer on or about September 13, 2021.

13. Plaintiff was the only Ukrainian national on her team and, at all relevant times, was subjected to disparate treatment based on her national origin, gender, pregnancy status and pregnancy-related medical conditions and accommodations, and protected activity.

14. In late 2021, Plaintiff felt pressured by her then-supervisor, Sean Baker ("Baker") (male, American), to work immediately after childbirth during her maternity leave, in direct violation of her protected maternity leave rights.

15. On or about October 6, 2021, Mr. Baker warned Plaintiff not to contact anyone other than him while on maternity leave, as another management employee Brandon Boyd had discovered Plaintiff was working on maternity leave.

16. Following her return from maternity leave, Plaintiff was subjected to increasingly hostile conduct from supervisors, including repeated negative performance reviews not supported by documentation.

17. On or about January 12, 2023, Plaintiff received her 2022 annual review from Brandon Boyd ("Boyd") (male, American), which included many negative comments that were unsupported, unjustified, and part of the increasing pattern of negative scrutiny after making internal complaints and utilizing maternity leave.

18. Mr. Boyd, a manager for Defendants, made disparaging comments about her use of maternity leave and penalized her by denying her bonuses in 2022 and 2023.

19. Mr. Boyd advised Plaintiff that she did not do a "good job" of working while on her maternity leave.

20. Upon Plaintiff's information and belief, her performance review for 2022 was disparately negative and low considering her forecast achievements and performance, as compared to male employees, employees without a foreign immigrant background, and those who had not utilized maternity leave.

21. Upon Plaintiff's information and belief, Plaintiff was the only person on her team that utilized maternity leave during the relevant time frame.

22. In 2023, Defendants' management team, including Kristina Jordan ("Jordan") (female, American), Project Team Lead, subjected Plaintiff to scrutiny related to her child-care related obligations and scheduling adjustment requests, which were similar to those that were routinely permitted and allowed without retribution to males and females who were not working mothers.

23. Gelareh Chafin ("Chafin") (female, Middle Eastern) questioned Plaintiff as to why Plaintiff takes time off when her kids are sick instead of her husband.

24. On or around July 5, 2023, Plaintiff's supervisor, Ms. Jordan (American), made derogatory comments about Plaintiff's national origin, including advising Plaintiff not to disclose that she was a foreigner, stating, "I don't give a shit, don't say it" and to "stop using it as a crutch."

25. Upon Plaintiff's information and belief, Plaintiff was the only person on her team that was viewed as foreign or not American.

26. Ms. Jordan and other supervisors for Defendants often cursed towards Plaintiff, used hostile and offensive language, and treated Plaintiff in an awful manner, which Defendants failed to address or correct.

27. After submitting complaints to Human Resources on or about July 17, 2023, Plaintiff's positive performance evaluation from July 2023 began to be altered on August 1, 2023 to include negative language not originally present.

28. Approximately two months later, in September 2023, Plaintiff was placed on an unjustified Performance Improvement Plan (PIP) despite no substantiated performance deficiencies.

29. Plaintiff's PIP followed her complaints to HR regarding discriminatory conduct and hostile treatment.

30. In 2023, Plaintiff lost her 2022 bonus in the amount of about $7,500. She became ineligible for a 2023 bonus as a result of Defendants' discriminatory and retaliatory ratings, causing her to lose out on approximately $25,000.

31. In January 2024, Plaintiff received her 2023 annual evaluation, which was full of falsehoods and excluded positive stakeholder feedback in violation of the Defendants' Employee Manual and Policies.

32. On or about February 2024, Plaintiff submitted a complaint to HR Employee Kelly Soudelier about the excessive and retaliatory PIP.

33. As a result of this escalating treatment, Plaintiff made contact with the EEOC and filed an initial complaint in February 2024.

34. In February 2024, Plaintiff was placed on Intermittent FMLA leave due to pregnancy complications.

35. Upon her return from FMLA related to pregnancy complications and after complaining about her PIP, Plaintiff faced increased workload and was subjected to retaliatory actions including further performance scrutiny.

36. Plaintiff's doctor placed her on restrictions related to pregnancy complications, such as sciatic nerve pain. These restrictions required limiting walking frequency, reduced walking distances, no driving, and recommended that Plaintiff be permitted to work from home as a temporary accommodation.

37. In February 2024, Plaintiff's physician recommended she take a full medical leave due to pregnancy, of which Plaintiff's managers were informed. Plaintiff utilized this leave under the recommendations of her physician through early August 2024.

38. On or about August 7, 2024, Plaintiff complained directly to Defendants' Board of Directors regarding her treatment by her managers and HR, and the retaliation she had experienced.

39. Upon her return to work in August 2024, Plaintiff attempted to confirm her hybrid work schedule arrangement as part of her accommodation to return to work, including that she would be hybrid working on Mondays and Thursdays, and remote working on Tuesdays and Wednesdays.

40. On the morning of August 13, 2024 around 6:00 a.m., Plaintiff contacted HR employee Kelly Soudelier to again request that HR investigate the discriminatory PIP.

41. Hours later, during an August 13, 2024, Microsoft Teams call around 2:00 p.m., Plaintiff was abruptly terminated by Kristina Jordan and HR representative Bobbie Brand.

42. Defendants' treatment of Plaintiff is part of a broader pattern of discriminatory and retaliatory conduct based on her gender, national origin, pregnancy, and pregnancy-related conditions.

43. Plaintiff suffered economic loss, emotional distress, reputational harm, and professional damage as a result of Defendants' actions.

## V. CAUSES OF ACTION

### COUNT ONE: SEX AND PREGNANCY DISCRIMINATION

**(Title VII, 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Discrimination Act of 1978; Texas Labor Code § 21.051)**

44. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

45. Plaintiff is a member of protected classes under Title VII and Texas Labor Code based on sex and pregnancy.

46. Plaintiff was qualified for her position and performed it satisfactorily.

47. Plaintiff was subjected to disparate treatment on the basis of her sex (female) and pregnancy status.

48. Defendants' managers, including Sean Baker (male), Brandon Boyd (male), and Kristina Jordan (female) treated Plaintiff less favorably than her peers based on her sex, her

pregnancy, her utilization of maternity leave, and related to her needs surrounding childbirth and childcare as a working mother.

49. Mr. Boyd complained that Plaintiff did not work enough during maternity leave, sharing this sentiment with Plaintiff.

50. Defendants penalized Plaintiff for taking maternity leave and used this as an impermissible factor to give Plaintiff negative performance reviews, apply increased work scrutiny, assign unreasonable workloads, and take away monetary bonuses.

51. Upon Plaintiff's information and belief, Defendants did not take these same actions against Plaintiff's male and non-pregnant team members.

52. In 2023, Defendants scrutinized Plaintiff in a disparate manner related to her child-care obligations, use of approved leave related to her child, and scheduling adjustment requests, resulting in Plaintiff's less favorable treatment as compared to males and non-working mothers.

53. Defendants issued Plaintiff a PIP for alleged conduct and attendance deficiencies that other male employees and non-pregnant employees engaged in but were not subjected to adverse employment actions.

54. Defendants terminated Plaintiff following her utilization of maternity leave, pregnancy-related protections in 2024, reinforcing its discriminatory motive.

55. Discrimination against an individual based on sex and pregnancy is prohibited pursuant to Title VII and the TCHRA.

56. Defendants' actions constitute unlawful discrimination in violation of Title VII, as well as the Pregnancy Discrimination Act of 1978.

57. The conduct described herein, including unequal treatment, denial of bonus pay, altered evaluations, unequal work, and wrongful termination, violates Chapter 21 of the Texas Labor Code.

**COUNT TWO: HARASSMENT AND HOSTILE WORK ENVIRONMENT BASED ON SEX AND PREGNANCY**

**(Title VII, 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Discrimination Act of 1978; Texas Labor Code § 21.051)**

58. Plaintiff re-alleges the preceding paragraphs.

59. Plaintiff is a member of protected classes under the Texas Labor Code based on sex and pregnancy.

60. Plaintiff is a member of protected classes under Title VII and Texas Labor Code based on sex and pregnancy.

61. Plaintiff was qualified for her position and performed it satisfactorily.

62. Defendants' managers, including Sean Baker (male), Brandon Boyd (male), Kristina Jordan (female), and Gelareh Chafin (female) made negative, discriminatory and offensive sex-based remarks targeting Plaintiff's identity as a pregnant person, person that utilized maternity leave, and her status as a working mother with childcare responsibilities.

63. Defendants penalized Plaintiff for taking maternity leave through negative performance evaluations, increased scrutiny related to her child-care obligations, unfair workloads, withholding bonuses, issuing her a PIP, and ultimately terminating her employment.

64. When Plaintiff complained about management's behavior, Defendants and its HR team failed to investigate, failed to address the discriminatory and unwelcome comments related to Plaintiff's sex and pregnancy status, and failed to protect Plaintiff from further harassment.

65. Harassment against an individual based on sex and pregnancy is prohibited pursuant to Title VII and the TCHRA.

66. Defendants' conduct and the conditions resulting therefrom unreasonably interfered with Plaintiff's employment, Plaintiff perceived it to be hostile and created sufficiently severe or pervasive conditions for a reasonable person to find it abusive.

67. The conduct altered the terms and conditions of Plaintiff's employment and created an intimidating, hostile, and offensive working environment.

68. Defendants are liable for the conduct of its supervisors under Title VII and the TCHRA.

69. Defendants' intentional conduct resulted in tangible employment actions, including but not limited to losses of pay, adverse performance reviews, and termination of her employment on or about August 13, 2024.

70. Defendants harassed Plaintiff, in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's sex and pregnancy in violation of Title VII and the TCHRA.

## COUNT THREE: NATIONAL ORIGIN DISCRIMINATION

**(Title VII, 42 U.S.C. § 2000e et seq.; Texas Labor Code § 21.051)**

71. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

72. Plaintiff was subjected to disparate treatment on the basis of her national origin (Ukrainian).

73. Plaintiff is a member of protected classes under Title VII and the Texas Labor Code based on national origin.

74. Plaintiff was qualified for her position and performed it satisfactorily.

75. Upon Plaintiff's information and belief, Plaintiff was the only person on her team that was viewed as foreign or not American.

76. Plaintiff was treated differently than her peers based on actual or perceived differences in customs related to her nationality and Ukrainian identity.

77. Plaintiff was subjected to disparate treatment as compared to her American peers, including increases in workload, unreasonable work assignments, increased scheduling scrutiny, and negative unwarranted performance reviews.

78. Defendants' actions were motivated by unlawful discrimination based on Plaintiff's national origin, as evidenced by Kristina Jordan's racist and disparaging comments regarding Plaintiff's status as a Ukrainian foreigner.

79. Discrimination against an individual based on national origin is prohibited pursuant to Title VII and the TCHRA.

80. The conduct described herein, including unequal treatment, denial of bonus pay, altered evaluations, and wrongful termination, violates Title VII and Chapter 21 of the Texas Labor Code.

### COUNT FOUR: HARASSMENT AND HOSTILE WORK ENVIRONMENT BASED ON NATIONAL ORIGIN

**(Title VII, 42 U.S.C. § 2000e et seq.; Texas Labor Code § 21.051)**

81. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

82. Plaintiff is a member of protected classes under Title VII and the Texas Labor Code based on national origin.

83. Plaintiff was qualified for her position and performed it satisfactorily.

84. Plaintiff was subjected to regular disparaging and discriminatory comments on the basis of her national origin.

85. Defendants' managers, including Kristina Jordan, routinely made discriminatory and offensive remarks or took adverse actions targeting Plaintiff's identity as a Ukrainian national, including admonishing Plaintiff not to speak about or disclose her foreign nationality and cursing at Plaintiff in relation to her national identity.

86. Ms. Jordan was Plaintiff's direct supervisor and was responsible for controlling much of Plaintiff's work environment, which she made untenable, unpleasant, hostile, and demeaning.

87. Defendants' negative motives, assumptions, and bias against Plaintiff as someone with a foreign immigrant background negatively impacted Plaintiff's performance reviews and opportunities for warranted bonuses.

88. Plaintiff was subjected to unwarranted increases in workload, unreasonable work and scheduling scrutiny, and subjected to purported reviews based on her demeanor and behavior due to Defendants' negative assumptions and discriminatory views of Plaintiff's Ukrainian identity and customs.

89. When Plaintiff complained about Ms. Jordan's behavior, Defendants failed to investigate, failed to address the discriminatory and unwelcome comments related to Plaintiff's nationality, and failed to protect Plaintiff from further harassment.

90. Harassment against an individual based on national origin is prohibited pursuant to Title VII and the TCHRA.

91. Defendants' conduct and the conditions resulting therefrom unreasonably interfered with Plaintiff's employment, Plaintiff perceived it to be hostile and created sufficiently severe or pervasive conditions for a reasonable person to find it abusive.

92. The conduct altered the terms and conditions of Plaintiff's employment and created an intimidating, hostile, and offensive working environment.

93. Defendants are liable for the conduct of its supervisors under Title VII and the TCHRA.

94. Defendants' intentional conduct resulted in an adverse employment action when she was terminated from employment on or about August 13, 2024.

95. Defendants discriminated against and harassed Plaintiff, in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of an employment opportunity or adversely affect her status because of Plaintiff's national origin in violation of Title VII and the TCHRA.

### COUNT FIVE: FAILURE TO ACCOMMODATE PREGNANCY
**(Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-1 et seq.)**

96. Plaintiff re-alleges the preceding paragraphs.

97. Defendants were qualifying employers with more than 15 employees.

98. Plaintiff was a qualified employee with known limitations during her pregnancy, including physical conditions related to, affected by, or arising out of pregnancy or related medical conditions.

99. Defendants failed to accommodate pregnancy-related limitations despite being placed on notice and receiving physician documentation, including by permitting intermittent leave, medical leave, and temporary hybrid or remote work options without subjecting Plaintiff to unfair consequences.

100. Defendants' denial of accommodations violates the Pregnant Workers Fairness Act.

## COUNT SIX: RETALIATION FOR PREGNANCY ACCOMMODATIONS

**(Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg-1 et seq.)**

101. Plaintiff re-alleges the preceding paragraphs.

102. Defendants were qualifying employers with more than 15 employees.

103. Plaintiff was a qualified employee with known limitations during her pregnancy, including physical conditions related to, affected by, or arising out of pregnancy or related medical conditions.

104. Plaintiff engaged in protected activity under the Pregnant Workers Fairness Act by requesting intermittent leave, medical leave, and temporary hybrid or remote work related to her pregnancy-related conditions.

105. Defendants retaliated against Plaintiff by subjecting her to unfair job reviews, increased workload compared to her peers, and terminating her employment.

106. Defendants' retaliatory conduct violates the Pregnant Workers Fairness Act.

## COUNT SEVEN: RETALIATION

**(Title VII, 42 U.S.C. § 2000e-3(a))**

107. Plaintiff re-alleges the preceding paragraphs.

108. Plaintiff engaged in protected activity by reporting harassment, discrimination, and retaliation to HR, management, and eventually the EEOC.

109. Defendants retaliated by altering evaluations, denying bonuses, escalating scrutiny, assigning unfair workloads, and ultimately terminating her.

110. This conduct constitutes unlawful retaliation in violation of Title VII.

## COUNT EIGHT: RETALIATION

**(Texas Labor Code § 21.055)**

111. Plaintiff re-alleges the preceding paragraphs.

112. Plaintiff engaged in protected activity by reporting harassment, discrimination, and retaliation to HR, management, and the EEOC.

113. Defendants retaliated against Plaintiff following her good-faith internal and external reports of discrimination by altering evaluations, denying bonuses, escalating scrutiny, assigning unfair workloads, and ultimately terminating her.

114. Defendants' conduct violated the anti-retaliation provisions of the TCHRA.

## COUNT NINE: FMLA RETALIATION

**(Family and Medical Leave Act, 29 U.S.C. §§ 2615(a)(2))**

115. Plaintiff re-alleges the preceding paragraphs.

116. Plaintiff exercised her rights under the FMLA for both intermittent and full leave during her pregnancy.

117. Defendants retaliated against her for taking that leave, including but not limited to treating her disparately as compared to other employees who did not request intermittent or block FMLA leave, including by increasing her workload, and terminating her employment.

118. Such actions violate Plaintiff's rights under the FMLA.

## VI. RESPONDEAT SUPERIOR AND RATIFICATION

119. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, supervisors, agents, servants, subsidiaries, or employees committed such act and/or that the act was done with the actual and/or apparent authority of Defendants or was ratified by Defendants.

## VII. DAMAGES

120. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to: loss of income, loss of employment benefits, loss of career advancement opportunities, reputational harm, emotional distress, anxiety, mental anguish, inconvenience, and loss of enjoyment of life.

121. Plaintiff seeks all available damages including but not limited to: back pay, front pay, reinstatement, compensatory damages for emotional distress, punitive damages, and liquidated damages, as allowed under federal and state law.

## VIII. ATTORNEY'S FEES AND COSTS

122. Plaintiff is entitled to recover her attorneys' fees and costs under Title VII, 42 U.S.C. §2000e-5(k), 29 U.S.C § 2617, the Pregnancy Discrimination Act, the Pregnant Workers Fairness Act, and Chapter 21 of the Texas Labor Code.

## IX. JURY DEMAND

123. Plaintiff demands a trial by jury on all issues so triable.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant for:

a. Actual damages including lost wages and benefits;

b. Compensatory damages for emotional pain, suffering, and inconvenience;

c. Punitive damages where allowed by law;

d. Liquidated damages under the FMLA provisions where applicable;

e. Attorneys' fees and costs of court;

f. Pre-judgment and post-judgment interest as allowed by law;

g. Reinstatement or front pay in lieu thereof;

h. Any and all other relief, at law or in equity, to which Plaintiff may be justly entitled.

 

Respectfully submitted,

By: */s/ Lisa Ventress*
Lisa Ventress
Texas Bar No. 24076751
lisa@theventressfirm.com
The Ventress Firm, P.C.
1322 Space Park Dr. Ste. C222
Houston, TX 77058
(832) 240-4365 Phone
(832) 565-1752 Fax

**ATTORNEY FOR PLAINTIFF**